## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE NACHTIGALL : <br> 200 South Courtland Street : <br> East Stroudsburg, PA 18301 :      CIVIL ACTION <br> : <br>         Plaintiff, :      No.: <br>   v. : <br> :     **JURY TRIAL DEMANDED** <br> ECOPAX, LLC d/b/a ECOPAX : <br> 3600 Glover Road : <br> Easton, PA 18040 : <br>     and : <br> PANDO CUP, LLC : <br> 1355 Easton Road : <br> Bethlehem, PA 18015 : <br> : <br>         Defendants. : | |

### CIVIL ACTION COMPLAINT

Jesse Nachtigall (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Ecopax, LLC and Pando Cup, LLC (*hereinafter* referred to collectively as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA")[1] and Pennsylvania common law. Plaintiff was terminated because of his disabilities and in retaliation for requesting accommodations and filing a worker's compensation claim and he suffered damages more fully described/sought herein.

### JURISDICTION AND VENUE

2. Plaintiff resides in and is a citizen of Pennsylvania.

---

[1] Plaintiff will seek to amend his Complaint to add PHRA claims once those claims are administratively exhausted.

3. Upon information and belief, Defendants are headquartered in Pennsylvania.

4. This action is being initiated pursuant to a Federal law (ADA) and therefore, the United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

7. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual residing at the address set forth in the above-caption.

10. Defendant Ecopax, LLC ("Ecopax) is a manufacturer of paper cups, containers, food trays and other items and has headquarters in Easton, PA.

11. Defendant Pando, LLC ("Pando") is a service manufacturer specializing in the paper packaging industry and has headquarters in Bethlehem, PA

12. Upon information and belief, Ecopax owns, operates and/or oversees Pando.

13. Defendants should be considered Plaintiff's single, joint and/or integrated employer because each Defendant had control over the terms and conditions of Plaintiff's employment. For example:

> a. Defendant Ecopax paid Plaintiff and this entity appears on his pay stubs. Thus, Defendant Ecopax controlled the terms and conditions of Plaintiff's compensation;
>
> b. Defendant Ecopax controlled the terms and conditions of Plaintiff's benefits, including health insurance, retirement benefits and other benefits;
>
> c. Plaintiff was provided Defendant Ecopax's policies and required to comply with them;
>
> d. Plaintiff physically worked at Defendant Pando's location and was supervised on a day-to-day basis by employees of Pando;
>
> e. Defendants have common and/or overlapping ownership, management, human resources, financial and supervisory personnel;
>
> f. Defendants controlled the terms and conditions of Plaintiff's hiring and termination.

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff was hired by Defendants in or about late April 2023.

17. Plaintiff was hired and worked as a full-time flexographic machine operator.

18. Plaintiff was qualified for this job, as he possesses the requisite skill and knowledge for this position.

19. Plaintiff worked at Defendants' location in Bethlehem, PA and often worked in excess of 40 hours per week.

20. Plaintiff was primarily supervised by Steve Shannigan (Lead), David Lantz (Printing Manager), Byron (last name unknown) (Manager) and Christina (last name unknown) (Plant Manager).

21. Plaintiff performed his job well and was initially issued positive performance feedback regarding his work.

22. At all times relevant herein, Plaintiff has suffered from mental health disabilities, including but not limited to, anxiety and depression.

23. These conditions interfere with and limit Plaintiff's daily functioning, including but not limited to sleeping, concentrating, focusing, thinking, doing daily chores and, at times, working.

24. Plaintiff has obtained medical/mental health treatment for these conditions for the last approximate three years and has been prescribed medication.

25. In or about late May or early June 2023, Plaintiff informed Defendants' management that if he sometimes seems quiet or withdrawn at work, it is because he suffers from anxiety and depression.

26. He informed Defendants' management that he may need a few days off (here and there) because of these mental health conditions.

27. On or about June 19, 2023, Plaintiff suffered a work-related injury to his abdomen muscles.

28. Plaintiff reported the injury to Defendants' management and, because he was in severe pain, requested to obtain medical care.

29. On or about June 19, 2023, Plaintiff went to St. Luke's Occupational Medicine to obtain treatment.

30. He was diagnosed with a strain of his abdomen muscles and given work-related restrictions, including restricted duty, no bending, squatting, kneeling, "no repetitive use of the left lower extremity" and other restrictions.

31. On or about June 19, 2023, as a result of Plaintiff's work-related injury, Defendants prepared and filed a worker's compensation claim on his behalf.

32. After Plaintiff reported the work injury, he noticed a change in Defendants' management's demeanor and treatment of him, including being treated in a cold and distant manner, being repeatedly asked how he injured himself, if he was really injured and other demeaning treatment.

33. Due to the pain and restrictions Plaintiff experienced as a result of the work-related injury, he requested a short medical leave of absence, from June 19, 2023 until July 1, 2023.

34. Plaintiff was then released to return to work on or about July 1, 2023 but because of the July 4th holiday, was told to return to work on July 5, 2023.

35. On or about July 5, 2023, Plaintiff returned to work.

36. Shortly after he arrived, he was asked to meet in Defendants' Human Resources ("HR") office.

37. While in HR, Plaintiff was informed by Byron and Doreen Kutzler (Senior HR Consultant) that he was being terminated.

38. Initially, Defendants did not provide Plaintiff any reason or explanation for his termination.

39. When Plaintiff politely pressed them for a reason, they told him that he was being terminated for business reasons and that business was slow.

40. However, this explanation did not make any sense to Plaintiff, as Defendants' management repeatedly told him how busy they were, that they needed him to work overtime and that they were still looking to hire machine operators.

41. Plaintiff believes and therefore avers that he was terminated because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and (4) in retaliation for filing a worker's compensation claim.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1]Actual/Perceived/Record of Disability Discrimination;
and [2] Retaliation)
- Against Both Defendants -

42.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.  Plaintiff suffers from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

44.  Plaintiff kept Defendants' management informed of his medical conditions and need for accommodations

45.  Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times, including periodic time off because of his medical conditions.

46.  Plaintiff was terminated from Defendants within a few weeks after disclosing his medical conditions and requesting reasonable medical accommodations.

47.  The alleged reason Plaintiff was given for his termination is untrue and unworthy of credence.

48.  At the time of his termination, Plaintiff was offered an unsolicited severance agreement, which required Plaintiff to waive any and all legal claims against Defendants in exchange for a small amount of money.[2]

---

[2] An offer of severance can constitute evidence of pretext. *See Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance at the time of termination when policies did not require upon condition of waiving FMLA claim supported finding of pretext in wrongful termination claim, among other evidence); *Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)(finding that a severance agreement offered contemporaneously to when the employee was terminated was "probative on the issue of whether NIBCO's motive for terminating Bartlett was retaliatory"); *Karl v. City of Mountlake Terrace*, 2011 U.S.

49. To Plaintiff's knowledge, Defendants did not have any policy requiring an offer of severance to him.

50. Plaintiff believes and therefore avers that he was terminated by Defendants due to (1) his known and/or perceived disabilities; (2) his record of impairment; and (3) his requested accommodations.

51. These actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of Pennsylvania Common Law
### (Wrongful Discharge)
### - Against Both Defendants –

52. It is clearly prohibited in this Commonwealth to terminate an employee for either reporting a work injury or pursuing a worker's compensation claim. *Shick v. Shirey Lumber*, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998); *Grasty v. World Flavors, Inc.*, 2011 U.S. Dist. LEXIS 89277, at *27 (E.D. Pa. 2011).

53. Plaintiff was terminated because of his work injuries and worker's compensation claim.

54. Plaintiff was terminated within two weeks of reporting a work injury and initiating a worker's compensation claim.

55. Defendants treated Plaintiff with animosity between the date of his worker's compensation claim and termination.

56. Defendants' conduct, as aforesaid, is a violation of Pennsylvania common law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

---

Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by Fed.R.Evid. 408).

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 30, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jesse Nachtigall | : | CIVIL ACTION |
| v. | : | |
| Ecopax, LLC d/b/a Ecopax, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 10/30/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 200 South Courtland Street, East Stroudsburg, PA 18301

Address of Defendant: 3600 Glover Road, Easton, PA 18040; 1355 Easton Road, Bethlehem, PA 18015

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/30/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/30/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NACHTIGALL, JESSE

**(b)** County of Residence of First Listed Plaintiff: Monroe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
ECOPAX, LLC D/B/A ECOPAX, ET AL.

County of Residence of First Listed Defendant: Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
**X** 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
**X** 445 Amer. w/Disabilities - Employment

## V. ORIGIN
**X** 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: ADA (42USC12101)
Brief description of cause: Violations of the ADA, PHRA and PA Common law.

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: **X** Yes

## VIII. RELATED CASE(S) IF ANY

**DATE:** 10/30/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE